IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH HOZZIAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 07 C 5522 |
| v. | ) |
| | ) Judge Ruben Castillo |
| CITY OF CHICAGO, RAYMOND | ) |
| OROZCO, in his individual capacity, | ) |
| and LESLIE E. NOY, in his individual | ) |
| capacity, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Joseph Hozzian ("Hozzian") brings this action to address alleged unlawful employment practices by the City of Chicago (the "City"). Hozzian alleges age discrimination under 29 U.S.C. § 621 and a state law claim for promissory estoppel. (R. 36, Am. Compl.) Presently before the Court is the City's motion for summary judgment on all counts pursuant to Federal Rule of Civil Procedure 56(c). (R. 62.) For the reasons stated below, the motion for summary judgment is granted.

## RELEVANT FACTS[1]

Hozzian is 43 years old. (R. 64, Def.'s Facts ¶ 1.) In 1995, he participated in and passed the Chicago Fire Department ("CFD") firefighter entrance examination and was placed on the

---

[1] The Court takes the undisputed facts from the Local Rule 56.1 Statements. Hozzian, however, failed to respond to Defendant's Local Rule 56.1(a) Statement of Undisputed Material Facts ("Def.'s Facts"). L.R. 56.1(b)(3)(B). Accordingly, the undisputed material facts presented by the City will be deemed admitted. L.R. 56.1(b)(3)(c). Additional facts have been taken from Hozzian's complaint and are presented as allegations.

1

1995 CFD eligible candidate list.[2] (*Id.* ¶¶ 8, 28.) Hozzian was contacted about an open position, and between May 23, 2006 and August 7, 2006, he successfully completed CFD pre-employment and employment processing. (*Id.* ¶ 10.) He was then hired and appointed to a probationary, candidate firefighter position effective August 16, 2006. (*Id.* ¶¶ 14, 33.)

Hozzian alleges that in August of 2006, in anticipation of employment with the CFD, he quit his job and obtained a six-month apartment lease in Chicago to meet the CFD's residency requirement. (R. 36, Am. Compl. ¶ 16, 18.) He further alleges that on August 16, 2006, his first day at the Fire Academy, he was pulled out of the training class and questioned about his status with regard to the CFD's residency requirement. (*Id.* ¶ 19.) Hozzian alleges that he explained that he was currently leasing an apartment in Chicago and was trying to find a house in the area to relocate his family but that the CFD told him "that he must have all of his belongings moved to Chicago within 24 hours or sign a waiver stating that he would move his family to Chicago in time to start the November class."[3] (*Id.* ¶¶ 20, 21.)

Hozzian signed a waiver form, waiving his employment with the CFD on August 16, 2006 due to the residency requirement and requesting to be contacted for placement in the next Fire Academy class. (R. 64, Def.'s Facts ¶ 35.) Carmelita Wiley-Earls ("Wiley-Earls"), Commander of CFD Academy Operations, told him that "they would see [him] in twelve weeks." (*Id.* ¶¶ 57, 59.) Hozzian was then returned to the 1995 CFD eligible candidate list. (*Id.*

---

[2] The eligible candidate list is maintained by the City's Department of Human Resources ("DHR") and is the only source from which the CFD may hire applicants for firefighter positions. (*Id.* ¶¶ 10, 13.)

[3] The record indicates that Hozzian was never explicitly told there would be a November class, but "calculated" this November date based on a comment by Carmelita Wiley-Earls that she would see him in twelve weeks. (R .64, Def.'s Facts, Ex. L, Pl. Tr. II. 98:1-99:10.)

2

¶ 37.) Hozzian alleges that in September of 2006, he broke his apartment lease and purchased a home in Chicago in anticipation of the November training class. (R. 36, Am. Compl. ¶ 26.) There was, however, no November training class. (R. 64, Def.'s Facts ¶ 46.) The August 16, 2006, class was the last training class of the year because the CFD did not have budget or DHR approval to hire additional candidates. (*Id.* ¶¶ 45-6.)

A new firefighter entrance exam was administered in May 2006. (*Id.* ¶ 39.) In June 2007, when the 2006 firefighter eligible candidate list was posted and ready, the 1995 eligible list was "cancelled." (*Id.* ¶ 41.) In two newspaper articles dated June 2007 and February 2008, Larry Langford ("Langford"), a CFD spokesperson, is quoted as saying candidates from the 1995 list are "too old," and that with the 2006 eligible list "[w]e are getting a younger crop, which is what we wanted." (*Id.* ¶¶ 50-1.) The CFD did not conduct another training class until February 19, 2008, and all candidates in this class were taken from the 2006 eligibility list. (*Id.* ¶¶ 45-6.)

## PROCEDURAL HISTORY

On September 28, 2007, Hozzian filed a five-count complaint in this Court alleging violations of 42 U.S.C. § 1983; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; and a state law claim for promissory estoppel. (R. 1, Compl.) Hozzian was granted leave to file an amended complaint on March 21, 2008. (R. 35, Minute Entry; R. 36, Am. Compl.) In Counts I and II, he alleges section 1983 claims against the City, Fire Commissioner Raymond Orozco ("Orozco"), and Deputy Fire Commissioner Leslie Noy ("Noy"). (R. 36, Am. Compl. ¶¶ 30-39.) In Counts III, IV, and V, Hozzian alleges Title VII, ADEA and promissory estoppel claims against the City. (*Id.* ¶¶ 40-63.) On July 1, 2008, this Court granted Hozzian's oral motion to

3

dismiss Counts I, II, and III of the amended complaint (R. 59), and subsequently dismissed Orozco and Noy as defendants. (R. 66.)

Accordingly, the only remaining claims are Hozzian's ADEA and promissory estoppel claims against the City. In his ADEA claim, Hozzian alleges that he "was removed from his probationary position" and "replaced by less than equally qualifed and/or experienced younger candidates." (R. 36, Am. Compl. ¶ 53.) In his promissory estoppel claim, Hozzian alleges, that the City "made an unambiguous promise" of employment with the CFD and that he took actions "including buying uniforms, purchasing a home, moving his family to Chicago, and quitting his job" in reliance on the City's promise. (*Id.* ¶¶ 60-61.) On August 1, 2008, the City moved for summary judgment asserting that Hozzian cannot establish a case of discrimination under the ADEA and that he was not promised employment after August 16, 2006. (R. 62 Def. City of Chicago's Mot. for Summ. J. ("Def.'s Mot."); R. 63, Def. City of Chicago's Mem. in Support of Mot. for Summ. J. ("Def.'s Mem.") at 2.)

On August 7, 2008, the Court entered an order directing Hozzian to file a response to the City's motion for summary judgment by September 8, 2008, and for the City to reply by September 29, 2008. (R. 65.) On September 8, 2008, Hozzian filed a motion for an extension of time to respond to the City's motion, which the Court granted, directing the response to be filed by September 26, 2008 and the reply by October 20, 2008. (R. 67; R. 69.) On September 23, 2008, Hozzian filed for a second extension of time to respond to the City's motion. (R. 70.) Again, the Court granted the motion, directing Hozzian to respond by October 3, 2008 and the City to reply by October 27, 2008. (R. 72.) As of the date of this opinion, Hozzian has not filed a response to the City's motion.

4

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008). In ruling on a motion for summary judgment, the Court must consider the facts in the light most favorable to the non-moving party, drawing all reasonable inferences and resolving all doubts in the non-moving party's favor. *Keri v. Bd. of Trustees of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

## ANALYSIS

### I. ADEA Claim

To prevail under the ADEA, a plaintiff must show that his age actually motivated the employer's decision. *Schuster v. Lucent Techs., Inc.*, 327 F.3d 569, 573 (7th Cir. 2003). A plaintiff may show discrimination under the ADEA using either the direct or indirect methods of proof. *Atanus v. Perry*, 520 F.3d 662, 671 (7th Cir. 2008). Under the direct method, the plaintiff can introduce either direct or circumstantial evidence to create a triable issue as to whether the adverse employment action was motivated by discriminatory intent. *Hemsworth v.*

*Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007).

Hozzian claims that he "was removed from his probationary position" and "replaced by less than equally qualified and/or experienced younger candidates," in violation of the ADEA. (R. 36, Am. Compl. ¶ 53.) In support of his claim, Hozzian produced two newspaper articles with statements attributed to CFD spokesperson Langford stating that candidates on the 1995 list were "too old" and that the City would be getting younger candidates from the 2006 list. (R. 64, Def.'s Facts ¶¶ 50-51.) Langford, however, was not involved in the decision to "cancel" the 1995 list or to post the 2006 list. (*Id.* ¶ 52.) His statements, therefore, cannot provide direct proof of the City's intention to discriminate. *See Chiaramonte v. Fashion Bed Group*, 129 F.3d 391, 397 (7th Cir. 1997) (statements by a non-decision-maker do not provide the "smoking gun" evidence required for a direct inference of discriminatory intent). Moreover, the statement contained in these articles, offered for their truth, are inadmissable in the consideration of summary judgment. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) (newspaper article offered for its truth was hearsay and inadmissable in a summary judgment proceeding to the same extent it was inadmissable at trial).

Since he is unable to establish direct evidence of discrimination, Hozzian must use the *McDonnell Douglas* indirect method of proof. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The analysis for an ADEA claim under this method is the same as in a Title VII claim. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 610 (7th Cir. 2006). The plaintiff must first establish a *prima facie* case of discrimination by demonstrating that: (1) he was a member of a protected class; (2) he was meeting the defendant's legitimate performance expectations; (3) he suffered an adverse employment action; and (4) the defendant treated similarly situated

employees outside of the protected class more favorably. *Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 538 (7th Cir. 2007). If the plaintiff successfully establishes a *prima facie* case, the burden shifts to the defendant to offer a permissible, nondiscriminatory reason for the adverse employment action. *Id.* If the defendant meets this burden, the burden again shifts back to plaintiff to show that plaintiff's purported reasons are a pretext for discrimination. *Id.*

The City argues that Hozzian cannot make out a *prima facie* case of discrimination because he has not demonstrated that a younger, similarly situated, individual received more favorable treatment. (R. 63, Def.'s Mot at 10.) A similarly situated employee is an employee directly comparable to the plaintiff in all respects. *Brummet v. Sinclair Broadcast Group*, 414 F.3d 686, 692 (7th Cir. 2005). Hozzian provides no evidence that anyone received more favorable treatment, much less someone similarly situated to him. The undisputed facts show that no exceptions were made, the City did not hire anyone after August 16, 2006, regardless of age, from the 1995 list. (R. 64, Def.'s Facts ¶ 46.) Accordingly, Hozzian is unable to establish a *prima facie* case of discrimination and his ADEA claim therefore fails.

Even if Hozzian was able to establish a *prima facie* case, he has not met his burden of showing that the City's purported reason for canceling the 1995 eligible list---because the 2006 list was posted and ready---was pretext for discrimination. The Commissioner of Human Resources for the City has the authority to cancel a firefighter eligible list at any time. (*Id.* ¶ 46.) The 1995 list had been in place for approximately twelve years. (R. 64, Def.'s Facts ¶ 41, 43.) The Court finds no pretext in the decision to replace the 1995 list with a newer 2006 list. *See United States v. City of Chicago*, 796 F.2d 205, 211 (7th Cir. 1986) (indicating "there might be serious problems in requiring the City to use a potentially stale list and noting "thousands of

individuals have been waiting . . . for the chance to become police officers"). Therefore, even if Hozzian was able to make a *prima facie* case of discrimination, his claim would still fail because he has not met his burden of establishing pretext.

## I. Promissory Estoppel Claim

Hozzian also brings a state law promissory estoppel claim, alleging the City "made an unambiguous promise of employment," which he relied on and was thereafter harmed. (R. 36, Am. Compl. ¶¶ 59-60.) To establish a promissory estoppel claim under Illinois law, a plaintiff must prove that: (1) the defendant made an unambiguous promise of employment; (2) plaintiff reasonably relied on that promise; (3) plaintiff's reliance was expected and foreseeable by defendants; and (4) the reliance was to plaintiff's detriment. *Ross v. May*, 880 N.E.2d 210, 217 (Ill. App. Ct. 2007). Furthermore, the plaintiff's reliance "must be reasonable and justifiable." *Id.*

Hozzian has not met the first prong of this test, because he has failed to prove that the City made an unambiguous promise of unemployment. Although he was hired and appointed to a candidate firefighter position effective August 16, 2006, Hozzian's employment ended that same day when he signed the waiver. (R. 64, Def.'s Facts ¶¶ 33, 35, 37.) Wiley-Earls' subsequent statement that "they would see [him] in twelve weeks," does not constitute an unambiguous promise of employment. The statement was too vague, as a matter of law, to be considered a promise of employment. *See, e.g., Sembos v. Phillips Components*, 376 F.3d 696, 704 (7th Cir. 2004) (applying Illinois law and finding no promise of employment where defendant did not mention any specific position, salary or other terms of employment); *Titchener v. Avery Coonley School*, 350 N.E.2d 502, 506-7 (Ill. App. Ct. 1988) (finding the statement

8

"Your future is here ... and I hope it will be here for many years to come" insufficient to create a definite and certain promise). Accordingly, Hozzian's promissory estoppel claims also fails.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (R. 62) is granted. The Clerk of the Court is directed to enter judgment in favor of Defendant and against Plaintiff.

Entered:

Judge Ruben Castillo
United States District Court

**Dated: November 10, 2008**